## EUGENE HUBBARD *v.* THE STATE.

CRIMINAL PRACTICE.   *Affidavit for continuance on account of absent witness.   Examination of accused in respect thereto.*

H. was indicted for arson.   His case being called, he applied for a continuance because of the absence of one of his witnesses.   The prosecuting attorney objected.   H. then presented an affidavit setting out what the absent witness would swear.   The prosecuting attorney, after interrogating H. and eliciting answers which tended to contradict the statements in the affidavit, consented that it might be read as the testimony of the absent witness.   On the trial, after the affidavits had been read, the prosecuting attorney introduced the attorney of H. as a witness, and proved the statements of H. made as above shown, and which tended to contradict the affidavit.   H. objected both to the introduction of his attorney as a witness and the admission of his statements in evidence.   The court overruled both objections.   He was ·convicted and appealed.   *Held,* that the interrogation of the accused, and proof of his answers, as above stated, were unjust and illegal, and furnish good ground for reversal of the judgment.

APPEAL from the Circuit Court of Panola County.

HON. A. T. ROANE, Judge.

The case is stated in the opinion of the court.

*Standifer & Stone,* for the appellant.

The action of the court was erroneous in permitting the district attorney to propound interrogatories to the accused concerning his application for continuance.   It may, however, be conceded, for argument's sake, that the court only wished to elicit the one fact; whether or not the accused could prove the contents of his affidavit by any other witness.   Then, when this fact was ascertained, the court should have interfered, and not permitted the district attorney to proceed any further in examining the defendant.

Certainly the action of the court was fatally erroneous in compelling L. C. Standifer (of counsel for defendant), at the request of the State, to state to the jury what appellant had previously said to the district attorney in response to the interrogatories of the district attorney concerning appellant's application for continuance.

Even conceding that the district attorney had the right to so interrogate appellant about his application for continuance, he

should not be allowed to use such statements for any other purpose than the one for which he had been permitted to interrogate appellant. The answers of the accused under such circumstances, time, and place can never be used against him on his trial.

*T. M. Miller,* Attorney General, for the State.

In the absence of defendant's affidavit it is impossible to predicate anything concerning it. But in no view can this court consider an objection to testimony upon the admission of which the court was not asked to rule, and did not rule.

The attention of the presiding judge does not appear to have been called to the circumstance of the examination of counsel for the accused, and no ruling by the court was asked thereon. I do not understand that a question may be raised for consideration by an appellate court in that manner The exception was only taken to what the two lawyers did, without regard to what the court did or might have done.

If this view be discarded as narrow and technical, still it does not appear what reason was assigned, or could have been assigned, for the exclusion of the question and answer.

I submit there is no error.

ARNOLD, J., delivered the opinion of the court.

Appellant was convicted of arson, and sentenced to ten years' imprisonment in the penitentiary. He made application for continuance in the court below, on the ground of the absence of a witness by whom he expected to prove certain facts material to his defense. The district attorney objected to the continuance. Thereupon appellant presented his affidavit setting out the facts which he expected to prove by the absent witness, and said he would go to trial if the district attorney would admit that the absent witness, if present, would swear to the facts contained in the affidavit. The district attorney then interrogated appellant as to whether or not he could prove the same facts by other witnesses. Appellant answered to the interrogatory, and then excepted to its being asked, and his answers thereto contradicted, or tended to contradict, the facts as stated in the affidavit. After this the district attorney con-

sented that the affidavit might be read to the jury as the evidence of the absent witness, and the trial commenced. As soon as the affidavit was read to the jury, the district attorney had the counsel of appellant sworn as a witness, and proved by him the statements made by appellant contradicting the facts as set forth in the affidavit in response to the inquiry propounded to appellant by the district attorney on the application for continuance. To the examination of his counsel for this purpose appellant excepted.

Appellant justly complains of these proceedings. He had a right to make application for continuance, and to stand upon it, without being questioned as to its truth or falsity. If his showing for continuance was deemed insufficient, objection to it should have been made to the court. If it was desired to controvert before the court or jury the facts contained in his affidavit, it should have been done by other means than an examination of the prisoner. For the representative of the State to induce the prisoner to go to trial by consenting that the facts stated in his affidavit for continuance might be read as the testimony of his absent witness, and afterward to destroy its effect as evidence by proving statements in conflict with it, drawn from the prisoner on an unauthorized inquisition, displays marks of injustice and unfairness which should not characterize or be tolerated in criminal trials. It is better for the cause of law and justice that a guilty person should go unpunished, than that he should be convicted by unfair and unlawful methods. A criminal prosecution should vindicate and uphold, rather than impair or diminish, in any manner, respect and reverence for law. Neither the gravity of the offense charged, nor the rank or condition of the accused, should be allowed to operate to produce a different result. Cooley on Const. Lim. 409 ; *Hurd* v. *The People,* 25 Mich. 405 ; *March* v. *The State,* 44 Tex. 64 ; *Curtis* v. *The State,* 6 Coldw. 9.

If the common enemy of man were on trial under our laws, for his action in regard to

> "The fruit
> Of that forbidden tree, whose mortal taste
> Brought death into the world, and all our woe,
> With loss of Eden,"

he should have a fair trial, and, if convicted by trick, stratagem, or fraud, the judgment should be annulled.

*For the errors considered above, the judgment is reversed and the cause remanded.*