## LEE JONES *v.* THE STATE.

67 111.
73 830

1. CRIMINAL PROCEDURE. *Indictment. Joinder of misdemeanors.*
   There is no objection to the practice of joining in one indictment counts for separate misdemeanors.

2. SAME. *Distinct charges. Conviction. Motion in arrest.*
   Under an indictment which charges selling liquor to a minor in one count, and unlawful retailing in another, when there is a general verdict of guilty as charged, a motion in arrest of judgment will not prevail, for, looking alone to the record, this means guilty of both offenses.

3. SAME. *Motion for new trial. Sentence on one count.*
   In such case if the court, looking at the whole case, on motion for a new trial, discovers that the evidence is sufficient to uphold the conviction on one count, and insufficient as to the other, it is proper to impose sentence accordingly.

4. SAME. *Certainty. Sentence properly imposed.*
   On such a conviction there is no uncertainty either in the verdict or the sentence. Nor can the defendant complain that the verdict is broader than is warranted by the evidence, since the punishment is confined to the offense of which he was properly convicted.

5. WITNESS. *Contradiction. Irrelevant matters.*

    If the defendant cross-examines a witness in reference to matter which is collateral and immaterial, and which does not tend to show bias against the accused, he is bound by the answer of the witness, who can not be contradicted in relation thereto.

FROM the circuit court of the second district of Yalobusha county.

HON. W. M. ROGERS, Judge.

Appellant, Lee Jones, and one H. W. Atmore, were jointly indicted. The indictment contained two counts, in the first of which they were charged with selling spirituous liquor to Anderson Brooks, a minor. The second count charged them with selling liquor to Anderson Brooks without a license.

The defendant, Lee Jones, was tried, and the following verdict was rendered : " We, the jury, find the defendant guilty as charged in the indictment."

The defendant made a motion for a new trial, which was overruled. Thereupon he interposed a motion in arrest of judgment, which was also overruled, and he was sentenced to pay a fine of one hundred dollars and costs. The judgment recites that he had been " tried and found guilty of selling liquor to a minor," and for this offense he is sentenced. The evidence on the trial is embodied in a bill of exceptions. There was no testimony in support of the charge contained in the second count of the indictment. The state proved that the defendant Jones had a license to retail. No license had been issued to Jones and Atmore.

Anderson Brooks, a witness for the state, testified that Jones sold him a half pint of whisky, and that he was at that time not quite twenty years of age. Referring to the cross-examination of this witness, the bill of exceptions recites as follows: " Defendant's counsel, as a foundation to contradict this witness, asked him if on the day he said he got whisky from Jones, here in Water Valley, and when one Thos. Walker was with him did he, witness, not tell Thos. Walker that he had three thousand dollars where he could put his hands on it ; that he would get half the amount collected on these whisky bonds, and that one John Burns was not able to

attend to his business, and had given the job at three hundred dollars, so with this money he, witness, would be independent, or words to that effect.  The witness answered this by saying, no such conversation nor any thing like it ever occurred."

Thos. Walker was examined as a witness for defendant and was asked if Brooks had not made substantially the statement above inquired about, when he answered that, "Brooks did not exactly say that but on the day and date he did have a conversation with Brooks about getting the whisky."  The district-attorney objected to evidence of any conversation or statement other than that about which Brooks had been interrogated.  Counsel for defendant insisted that the witness should tell what the conversation was.  The court sustained the objection, requiring the witness to be questioned in accordance with the predicate laid, and refused to allow him to testify as to the conversation had with Brooks.  To this ruling the defendant excepted.

No objection was made in the court below to the joinder of counts in the indictment.  Nor was any objection urged on the ground of uncertainty, either in the verdict or the sentence.  From the judgment the defendant appeals.

*W: S. Chapman,* for appellant.

I will only discuss one of the assignments of error.  It was error to exclude the testimony of the witness Walker as to the conversation had with Anderson Brooks, the principal witness for the state. The jury had a right to all the evidence tending to sustain or impeach Brooks.  The court required the identical question, and the whole of it, to be propounded to Walker as it had been propounded to Brooks, and ruled that it had to be answered categorically.  The statement involved really three questions, and the court should have allowed these asked and answered separately. Instead of this, the witness was allowed to tell just enough to benefit the state, when the objection was interposed, and he was stopped.

If necessary, the jury should have been retired, in order that the court might ascertain from the witness what part of the conversation,

with Brooks, if any, was material and would tend to contradict or impeach the testimony of this state witness, or show his motive in testifying.

Walker should have been permitted to testify as to what Brooks *did* say at the time and place named in the predicate, and, if necessary, the jury could have been instructed not to consider it if immaterial.

*I. T. Blount* and *H. K. Martin,* on the same side.

The penalties for the respective offenses charged in the two counts of the indictment are different. As to the first count, see code 1880, § 1115; as to the second, see § 1112.

There being two distinct offenses charged in the indictment, with different penalties, a general verdict of guilty cannot be upheld.

Under the proof the jury could not possibly find the defendant guilty on the second count. The rule we contend for might be different if the evidence had tended to show guilt under both counts. But, where there is no evidence at all under one count, the jury must say in the verdict which charge they find the defendant guilty of before the court can pronounce judgment.

Where there are several counts and different degrees of punishment, as in this case, the verdict must not be general. *Thomas* v. *The State,* 5 How. (Miss.) 20. Where there is a count for grand larceny and one for receiving stolen goods, a general verdict of guilty cannot be upheld. *Jenkins* v. *The State,* 41 Miss. 582.

What authority had the court to say that the defendant was convicted of selling liquor to a minor?

We contend that the court erred both in overruling the motion for a new trial, and the motion in arrest of judgment.

*Argued orally by H. K. Martin,* of counsel for appellant.

*T. M. Miller,* attorney-general for the state, made an oral argument.

COOPER, J., delivered the opinion of the court.

There is no objection to the practise of joining in one indictment counts for separate misdemeanors. Under the indictment in this case the defendant, upon sufficient evidence, might have been con-

victed of one act of retailing without license, and of another act of selling to a minor. The fact that the person to whom both sales were made was the same is immaterial. So also the same act of sale might have been the subject of the two counts. The verdict finds the defendant guilty as charged, which means guilty on both counts. On the motion in arrest of judgment, the court, looking only to the record, finds a valid indictment, and a verdict of guilty responsive to the whole charge. There is nothing in the record proper that would prevent sentence on each count. But on the motion for a new trial the court, looking at the whole case, discovered that the evidence was sufficient to uphold the conviction on the first count, and insufficient to uphold that on the second. It therefore proceeded to impose the penalty of the law for the conviction on the first count only. There is no uncertainty either in the verdict or in the sentence ; nor can the appellant complain that the verdict is broader than is warranted by the evidence, since the punishment has been confined to that offense for which he was properly convicted.

The question put by the defendant to the witness Brooks, on cross-examination, was in reference to a collateral and immaterial matter. Whether he had or had not made the declaration specified was wholly irrelevant, and neither tended to contradict any statement he had made in testifying nor to show bias against the accused. Under such circumstances, the defendant was bound by the reply made by the witness.

*The judgment is affirmed.*