# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF MISSISSIPPI

## AT THE

## MARCH TERM, 1923.

---

## NASH *v.* SMITH.

(In Banc. May 14, 1923.)

[96 South. 516. No. 22631.]

LIMITATION OF ACTIONS. *Subrogation. Grantee of owner of land bringing suit to cancel void trustee's deed must place mortgagee in possession there-under in status- quo; grantees of original owner and mortgagee in possession subrogated to their rights and remedies to extent of doing justice.*

Where a person gives a deed of trust on real estate to secure a debt and makes default in paying the debt, and a foreclosure sale is made, but is void for failure to give proper notice, and the purchaser enters into possession of the said premises attempted to be sold, and the statute of limitations run against the debt, and thereafter the owner giving the deed of trust sells such land to a third person who brings suit to cancel the trustee's deed, such person in equity is required to do equity by paying the debt with interest, taxes and permanent improvements made by the mortgagee in possession or his vendee, less the rental value of the premises while the same is in possession of the mortgagee, being used by him or his vendee. In such cases the grantees of the original owner and the mortgagee in possession stand in the places of their respective grantors and are subrogated to their respective rights and remedies to the extent of doing justice, and equity will not permit the statute of limitations to prevent the doing equity by the complainant.

APPEAL from chancery court of Madison county.

HON. V. J. STRICKER, Chancellor.

Suit by Leon Nash against Maggie Smith. From a judg
ment for defendant, plaintiff appeals. Reversed and re-
manded, with instructions.

*H. B.* and *J. M. Greaves,* for appellant.

The appointment of substituted trustee is all right and
we have no fault to find with that, but Mr. McCool did
not advertise the land properly in that only eighteen days
elapsed between the appearance of the first publication
and the date of sale. At the sale, Silas W. Davis pur-
chased the land for six hundred dollars cash, but Davis
paid nothing. Thereafter Silas W. Davis conveyed the
land to the Citizens Savings Bank and Trust Company
for the consideration of six hundred dollars. The Citizens
Savings Bank and Trust Company on November 30, 1918,
executed a special warranty deed to Maggie Smith.

After hearing the testimony, the chancellor decided
that Davis was acting for the bank and that his purchase
was tantamount to a purchase by the bank, especially since
he conveyed the land to the bank a short while afterwards,
Davis having paid nothing for the land. This finding of
fact seems to be in line with the holdings of this court in
the case of *Houston* v. *Building Association,* reported in
80 Miss. 31.

We are unable to appreciate the equitable rule adopted
by the chancellor which granted to the appellee all the
rights which the bank, her vendor, who only made appellee
a special warranty deed—no better than a quitclaim for
the purposes of this suit—had, and yet, at the same time
denied to appellant the rights which D. V. West and
Francis West, appellants's vendors might have asserted.
See *Hinds* v. *B. & L.* 80 Miss. 46; *Watson* v. *Perkins,* 88
Miss. 64, 92 Miss. 452.

*Scott & Scott,* for appellee.

In this case, the bank, acting through Davis, bought the property in itself and held the land, and even though it had not bid more than one hundred dollars at the sale, D. V. West, nor the person claiming through him, could not recover the land from the bank without paying the full amount of the debt, with interest, etc. This is fully established by the cases of *Allen* v. *Trust Company,* 84 Miss. 319, 36 So. 285, and *Wall* v. *Harris,* 90 Miss. 671, 44 So. 36. The question then, is whether or not the appellee is subrogated to the entire debt of the bank or to the entire amount that its debt would be if it still held the land, or is she subrogated only to the extent to which her purchase went to extinguish this debt; that is to one thousand dollars. It could really not make much difference in this case because, as shown above, the debt due the bank was one thousand and eighty-four dollars and fifty-five cents, while she paid one thousand dollars, which practically extinguished the debt, so there is no substantial difference in this case whether or not she is subrogated to the entire amount due the bank, or only to the amount paid to which her purchase extinguished the debt. The chancellor held that she was subrogated to the full debt of the bank. 37 Cyc. 454; *Clark* v. *Wilson,* 56 Miss. 753; *Jordon* v. *Sayre* (Fla), 10 So. 823; 37 Cyc. 453, 454, 455, 456, and 457, and notes. See also the case of *Poole* v. *Mississippi,* 1 So. 725; *Short* v. *Porter,* 44 Miss. 533.

ETHRIDGE, J., delivered the opinion of the court.

At the January term, 1921, of the circuit court of Madison county, appellant, Leon Nash, filed an ejectment suit against the appellee, Maggie Smith, for forty acres of land, more or less, described in said declaration and demanded possession thereof, together with two hundred dollars for the use and occupation of said land. The defendant appeared and moved the court to transfer the

cause to the chancery court, the motion to transfer not
being contained in the record, but the order of the court
transferring it to the ·chancery court appears of record..
Thereupon Nash filed his bill in the chancery court setting
out that he had acquired this property by conveyances
through a chain of title from D. V. West, the former own-
er, setting forth the description of the property, and al-
leging: That D. V. West being the owner of said lands on
March 19, 1909, and being indebted to the Citizens' Sav-
ings Bank & Trust Company of Jackson, Miss., did on
said date execute and deliver to W. A. Kenon, trustee, for
the use and benefit of said bank, a deed of trust covering
the above-mentioned land, which deed of trust was duly
recorded as set forth in said bill.    That thereafter, de-
fault having been made in the payment of the indebted-
ness secured by the deed of trust, one McCool, acting as
substituted trustee, sold said lands on April 24, 1913, to
S. W. Davis for six hundred dollars, and executed to said
Davis a deed conveying· the property which deed was duly
recorded.    That on June 6, 1913, Davis conveyed said
lands to the said bank for a recited consideration of six
hundred dollars, cash, which deed was also duly recorded.
That on November 30, 1919, said bank conveyed said lands
to Maggie Smith, which deed was duly recorded as set
forth in the bill.    That thereafter on the 11th day of
May, 1920, D. V. West conveyed his interest to Leon Nash,
which deed was duly recorded as set forth in the bill.
That thereafter on May 18, 1920, Frances West conveyed
her interest in said lands to said Nash, which deed is
duly recorded as set forth in the bill.    That the Citizens'
Bank & Trust Company conveyed said lands to Maggie
Smith on November 30, 1918, and that Maggie Smith took
possession of said land, occupied the same, cultivated and
used it, and is still in possession using the lands and claim-
ing to be the owner thereof.    The bill then alleges that the
trustee's deed from McCool, trustee, to Davis, was utterly
void and conveyed no title: First, because he was not
properly appointed as substituted trustee; and, second,

because the land was not advertised in accordance with law. It then averred that the complainant had a perfect title to said land, which title is paramount to that of Maggie Smith, and that he was entitled to the immediate possession of said lands, together with the rents, issues, and profits arising out of said lands. It is further alleged that the deed from Davis to the bank conveyed no title and that the deed from the bank to the defendant, Smith, conveyed no title. The bill prayed that the case having been brought originally in the circuit court of Madison county and summons having been served in said court that further citation is unnecessary, and prayed for a decree establishing complainant's title free from any claims of the defendant, and for a reasonable rent for the years 1918, 1919, and 1920, which complainant claims would be two hundred dollars for each year, less such sums as defendant has paid for taxes assessed against said land, and for a writ of assistance to put complainant in possession of said land, and prayed for general relief.

The defendant anwered the bill, admitting in effect the allegations thereof, but setting up in the answer that on the 19th day of March, 1909, D. V. West then being the owner of said land, became indebted to the Citizens' Savings Bank & Trust Company of Jackson Miss., and executed a deed of trust in favor of said bank, and that he thereafter conveyed the property to Frances West, and that D. C. McCool, acting as substituted trustee, on April 24, 1913, conveyed said lands to S. W. Davis for a consideration of six hundred dollars, and that Davis in turn conveyed to the bank for the same consideration, and that Davis was acting as trustee for the bank in bidding the land in at the said sale and bid for the benefit of the bank and immediately conveyed the lands to the bank. She states that the bank conveyed the property to her on November 30, 1918, but that as a matter of fact she contracted to buy this property on October 27, 1915, for the sum of one thousand dollars of which she paid one hundred and twenty-six dollars cash, the balance on credit carrying in-

terest at the rate of eight per cent. per annum; and that she paid taxes on said property for the year 1916 and has paid the taxes each year from that date. She admitted that the sale by the substituted trustee, McCool, was void because the property was not properly advertised for the time required by law. Defendant alleges, however, that while she has not a good record title to the property, she has rights and equities in and to the said property which are superior to the title of the complainant, and that at the time of the said sale that D. V. West owed the bank a balance in principal of eight hundred dollars, with ten per cent. interest from March 19, 1909, and that if the bank still owned and held said property and had not conveyed to her that the bank under the law would be entitled to hold said land until its entire debt plus interest and taxes and all improvements had been fully paid, and that she stands subrogated to the rights of said bank, and that before complainant can have said property equity will compel him to pay her the full amount that would now be due the said bank under the debt of the said West, plus interest and all money which she had paid out on said property in taxes since the year 1916, and plus the value of all permanent improvements, setting forth the amount of the taxes for the several years, and alleging that she had put certain improvements upon said land with the value thereof, contending that she was entitled to the total sum of one thousand, eight hundred sixty-seven dollars and forty cents, and prayed the court would impress a lien upon the lands for the full payment of her claims; making her answer a cross-bill.

The complainant answered the cross-bill of the defendant denying as a matter of law that the cross-complainant is entitled to be subrogated to the entire debt due the bank, but contending that if entitled to subrogation at all, it would only be for six hundred dollars, less rent received by the bank up to the time the bank sold to the defendant and less a reasonable rent for said land while occupied by the defendant; and denied that the defend-

ant had expended large sums on said property other than
for the payment of taxes; but admits that the defendant
paid the taxes for 1916, 1917, 1918, 1919, and 1920; denies
that she is entitled to the amounts claimed in the cross-
bill, and alleged that the defendant was in possession of
said lands, using the same, and alleges that the reasonable
rental value of the land used and cultivated by her when
she came into possession of it was of the reasonable value
of two hundred dollars per annum, and that said lands
could easily have been rented for said sum, but that the
defendant preferred to reside on and use said lands, and
that the rental value thereof should be deducted from the
claim of the cross-complainant set out in her cross-bill.

It appears from the testimony that the defendant, Mag-
gie Smith, purchased from the said bank the lands in-
volved under a contract by which she was to pay the bank
one thousand dollars with eight per cent. interest, and
that she went into possession in 1915 and paid for the
lands, procuring a deed from the bank as above stated in
November, 1919.    At the time of her purchase of the
lands the amount due the bank on the note and deed of
trust of West amounted to one thousand and eighty-four
dollars, but she only paid one thousand dollars therefor.
It appears from the testimony that the least rental value
of the land occupied by the defendant was one hundred
and twenty dollars per annum or three dollars per acre.
There was a conflict in the evidence as to the value of
he improvements placed thereon.    The chancellor in his
decree adopted the highest testimony with reference to
the value of the permanent improvements, and the amount
of taxes was not in dispute, but denied the complainant
the right to any of the rents during the period which the
defendant occupied the lands up to the date of the com-
plainant's purchase, and allowed the defendant and cross-
complainant interest on the full amount of the bank's note
at ten per cent. and allowed her all sums paid for taxes
and permanent improvements, and fixed the time for
the payment of these sums by the complainant, and if not

paid, that the land be sold for the payment of the sum so decreed; from which decree the complainant, appellant here, appeals.

The appellant contends that the defendant was only entitled to be subrogated to the extent of six hundred dollars, the amount that Davis paid for the land at the trustee's sale, with six per cent. interest thereon, and that against this charge and the charge for taxes and permanent improvements, he should be allowed to set off the value of the rents or rental value of the land during the entire period the land was occupied by the defendant

In our opinion the complainant in this suit stands in the shoes of West as entitled to all the rights that West would have had if he had not sold the property to the complainant, and that the defendant is entitled to be subrogated to the debt and security of the bank up to the extent of the amount that she paid for the land, that is to say, to the extent of eight hundred dollars with accumulated interest due at the date of her purchase, not to exceed the one thousand dollars paid therefor with ten per cent. calculated on eight hundred dollars, subsequent to the date of her purchase, being the rate of interest the original debt bore, and that she be allowed in the accounting the amount of taxes and necessary permanent improvements; and that the defendant offset against these allowances the reasonable rental value of the premises involved during the entire time which said defendant occupied and used said lands, and that the complainant only be required to pay the difference as a condition of recovery.

The judgment of the lower court will be reversed, and the cause remanded for a new trial in accordance with the views of this opinion.

*Reversed and remanded.*