James C. Angell  
vs. } Eq. No. 8592  
Oraline S. Sisson

TANNER, P. J. Citations to be added to rescript filed in the above case:

Childs vs. Childs, 10 Ohio St. 339.

Nash vs. Smith, 133 Miss. 1.

Valle's Heirs vs. Fleming's Heirs, 29 Mo. 152.

Blodgett vs. Hill, 29 Wis. 169.

---

Herbert E. Martin, et al.  
vs. } W. C. A. Pet.  
Narragansett Electric No. 773  
Lighting Company, et al.

December 20, 1927.

TANNER, P. J. The only question in this case is: who are the dependents of the deceased employee to whom compensation should be paid?

The deceased employee had two children under eighteen years of age who were living apart from their father with their mother, who had been divorced from their father and who had their custody. It appeared, however, that the daughter received $3 a week regularly from the father. The son apparently received nothing more than small presents which could not count as determining dependency.

As we understand the statute, if there is any one who is wholly dependent upon the deceased employee, such person or persons shall receive the entire compensation to the exclusion of those who are only partially dependent. The statute conclusively presumes to be wholly dependent a child or children under the age of eighteen years who is dependent upon their father at the time of his death, there being no surviving dependent parent. There was here no surviving dependent parent.

We understand the statute to mean that a child should be conclusively presumed to be wholly dependent if he is at all dependent upon the deceased employee, otherwise there would be no occasion for the conclusive presumption that the child was wholly dependent.

We therefore find that the daughter of the deceased employee was wholly dependent by reason of the payment of $3 a week by the deceased employee. The son of the deceased employee we cannot find to be at all dependent and, therefore, not wholly dependent.

Evidence was introduced to show that the brother and sister of the deceased employee were dependent to the extent of $13 a week. There being no presumption of total dependency in the case of the brother and sister, we cannot say upon the evidence that they were wholly dependent upon the deceased employee.

We must therefore conclude that the daughter of the deceased employee was the only person who was wholly dependent and she is therefore entitled to the entire compensation due.

For petitioner: Cooney & Cooney.

For respondent: Clifford Whipple, Earl A. Sweeney.