GILES *v.* STATE.*

(Division B. May 7, 1928.)

[116 So. 887. No. 26960.]

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 483, n. 15; 17CJ, p. 171, n. 36.

*D. W. Draughn,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

ETHRIDGE, J.  The appellant was indicted for selling property upon which there was a lien, without the consent of the holder of the lien and without discharging the debt made immediately on disposing of the property.

On the trial, a contract between the appellant and the seller of the mules was introduced in evidence containing the terms of the agreement.  This contract seems to have been lost—at least, it has not been made a part of the record.  The appellant testified that he had the seller's authority to trade the property upon which the lien was given, while the holder of the notes and lien testified that he did not have such authority, whereupon the case was submitted to the jury and the appellant was convicted.

It is manifest that the instrument introduced in evidence before the jury would govern as to what the real contract was, and, in its absence from the record, we are unable to determine what the contents thereof were, and we are bound to presume in favor of the jury's verdict.  Consequently, on the merits of the case, the appellant was legally convicted.

It appears that when the case was called for trial, the appellant's attorney moved the court for additional time in which to prepare the case on the ground that he had not had sufficient time to read the indictment and prepare for the trial.  The court, in overruling this motion,

stated that the appellant was indicted at the October term of the circuit court for selling property upon which there was a lien, without the consent of the holder of the lien, and without discharging the debt made on disposing of the property; that the week before the last preceding such date, when the defendant was arraigned and the case was set for trial, attorneys appeared for the defendant and asked the court to set the case for a certain day; that when the case was called on the day requested, the trial began, but these attorneys appeared in open court and stated that they did not represent the defendant, whereupon the defendant was notified to procure other counsel; later, that a third firm of attorneys discussed the case with the defendant, and after the court had waited on them for some hours, they announced that they would not represent the defendant, and the court notified the defendant to this effect; that in the forenoon, when the state announced ready, the appellant, the defendant, desired two witnesses summoned; that the court sent the sheriff for such witnesses early in the day, and the witnesses appeared in court before noon, and a jury was called and put in the box about 11 o'clock of this day, when the state accepted the jury; that the defendant again requested the court for further time to secure counsel to get ready for trial, whereupon the court then set the trial for 1:30 P. M.; that during the noon hour before the time of the trial was fixed another attorney stated to the court that the appellant, the defendant, desired to employ her, but that she could not take the case unless the court would continue the same; that upon the court advising her that it would not consent to further continuance and that the state was ready for trial, she refused to represent the defendant; that still later the court was advised that the defendant was in counsel with the attorney who was to represent him in the trial, and that such attorney appeared for the defendant in behalf of the motion for continuance; and

that the court, having considered all of the circumstances, was of the opinion that every right and courtesy possible was extended to the defendant, and the motion was overruled. The overruling of such motion is complained of here.

Under the law, it is the duty of a defendant to prepare for his trial as speedily as he reasonably can; but if he had more than a week to arrange for his trial and failed to secure an attorney within that time, it would require an extraordinary showing of circumstances to compel the court to further delay the trial. The record contains no such showing, and there was nothing to show that the attorney who defended the appellant was not sufficiently advised of the facts to make a proper defense. No motion for a new trial was made, nor any other showing that the said attorney did not have the information necessary to enable him to properly develop the defense, or that any defense existed in fact which was not presented in the trial of the case. Matters of continuance are largely within the discretion of the trial court, and it is only upon abuse of this discretion that a reversal will be given. There is no showing of such abuse as would warrant us in reversing the case on this ground. The judgment of the court below therefore will be affirmed.

*Affirmed.*