## Goins v. State.

(Division B.   Dec. 9, 1929.)

[124 So. 785.   No. 28313.]

E. W. Breland, of Leakesville, **Alexander & Alexander,** and **J. C. Satterfield,** of Jackson, for appellant.

**W. A. Shipman,** Assistant Attorney-General, for the state.

Argued orally by **J. C. Satterfield,** for appellant, and by **W. A. Shipman,** Assistant Attorney-General, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant was tried upon an indictment containing two counts, the first charging him with the manufacture and distillation of intoxicating alcoholic liquor, and the second charging him with the possession of a still and the

integral parts thereof. The state's evidence was furnished by the sheriff and a deputy, who each testified that on a Sunday morning in the preceding January they secreted themselves in the brush near the place and plainly saw appellant assemble the still and start it into operation. However, before any whisky had actually come from the outfit, the officers closed in upon appellant, arrested him, and destroyed his still. These were the only witnesses who testified, and the evidence established without contradiction that appellant then and there was in possession of the still as charged. The evidence did not show, however, that the process of manufacture had been actually completed as to any liquor, and under Hughes v. State (Miss.), 96 So. 516, the appellant could not be convicted of the principal offense charged in the first count.

The court nevertheless charged the jury in effect that if they believed the evidence they could convict on either or both counts, and the verdict returned was guilty as charged, without specifying on which count the verdict was rendered. The court sentenced appellant to a term of two years in the penitentiary. Thus arises the assignment of error that because it cannot be told for a certainty on which count the jury convicted or whether on both, the verdict should be declared invalid and the judgment reversed.

It will be at once observed that the two offenses charged relate to the same transaction. It is necessary to the manufacture of distilled alcoholic liquor that there shall be a still. The evidence showed beyond cavil that the appellant was then and there in possession of the still, and that it was then and there with this still that he was engaged in the process of the manufacture. It was allowable in such a case—certainly so in the absence of timely objection—to charge the two offenses in separate counts in one indictment, and particularly in that the

punishment and the maximum thereof for each offense is exactly the same. We are not required to say anything upon any question of election, because no motion or request in that respect was made. Such being the case, we are of opinion that there should be applied the rule that, "where there is one good count sustained by the proof, a general verdict of guilty will be referred to and sustained by it, although there are other counts in the indictment which are defective or unsupported;" and that in a case exactly as we have here before us, there is no fair reason or just occasion to affix any of the exceptions to that rule. This is substantially within the opinion of the court in Cannon v. State, 75 Miss. 364, 22 So. 827. See, also, Jones v. State, 67 Miss. 111, 7 So. 220.

The next assignment in order of importance is that the court erred in overruling appellant's motion for a continuance. The application was based solely on the ground that the appellant had been indicted only three days before the day of trial and that his counsel had been so busy and so constantly engaged in other cases during said term that he had been unable to prepare a defense. It is not shown by the affidavit for the continuance when appellant's attorney was employed, but it was shown by the evidence of both the sheriff and deputy sheriff that the appellant was arrested by them and carried to jail for this offense in January, whereas the term of court in question was in the following May. It may well be considered therefore that reason would require appellant to have anticipated the practical certainty of an indictment and to have taken steps accordingly. If, in such a situation, one party may of absolute right wait until court is actually in session before employing an attorney and preparing his defense, if he has any, then all others may do the like, and by all employing the same attorney only a few could be tried—if the showing here made, with no more than was shown, could be regarded as sufficient for a continuance. These matters are largely in the dis-

cretion of the trial court, and it has not been made manifest to us that this discretion was abused in this case. Giles v. State, 150 Miss. 756, 116 So. 887.

Finally, it is contended that there is reversible error in the fact that on the hearing of the motion for a continuance the court permitted the state over the objection of appellant to call appellant to the witness stand and to interrogate him in reference to that motion. No question was asked appellant which related to the merits of the charge and no jury had yet been impaneled on the case. In Hill v. State, 152 Miss. 708, 120 So. 817, it was held that it was error to require a defendant in a criminal case to testify without his consent at any stage of the proceeding or in any part of the trial. In that case, however, it was also held that the error there did not require a reversal, because it did not result in any injury to the defendant; and so it is in this case. No possible harm is shown here to have resulted to the appellant. In other words, it was a technical error without prejudice. Appellant inveighs against any such a declaration on the part of the court as that a violation of a constitutional right shall be held to be harmless, and urges that it is not worth while to declare a rule and then in part neutralize it by holding that its disregard will not require a reversal when and because there is an absence of actual harm or prejudice.

"Harmless error" is by its nature not an object of pulchritude, and the time will perhaps never come when occasionally some of the bar will not halt to cast obloquy upon it. But the daily lives of all of us are filled with errors, and were it not for the grace of the fact that nearly all of them are admissible within the general class of harmless error, none of us could pass under review. There was indeed a time when the visionary attempt was made to maintain a judicial system as something to be placed above and beyond the insufficiencies and imperfections which have marked and will continue to affect all

human establishments—to maintain a judicial system which aimed at a technical perfection—which insisted upon records without the presence of even a single misprision; and some of the dreariest pages in legal history deal with the mischiefs and misfortunes brought about by the overlong and overstubborn persistence in that hopeless experiment. But, in this day and time, that impossible and impracticable effort has been definitely abandoned everywhere; and not the last nor the least among the jurisdictions wherein this is true is our own state. It is too late now to attempt with any sort of hope of success to revive the dead body of technical error.; and it does not require the powers of a seer to safely predict that error, not harmful, and so long as it is clear that it is not harmful, will never again in this jurisdiction be made the conscious cause for reversals of decrees and judgments, right upon the justice of the case and substantially based upon a correct application of practicable and general rules in the matter of the merits of the litigation.

Affirmed.